UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Civil Action No. X:XX-XX-XXXX

| | |
|---|---|
| SUNBELT RENTALS, INC.; COLT RENTALS, LLC; and COLT-SUNBELT RENTALS, JV, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> MORRIS, MANNING & MARTIN, LLP, and C. Kelly Kroll, Esq., <br><br> Defendants. | 0:25-cv-02780-SAL <br><br> **VERIFIED COMPLAINT** <br> (Jury Trial Demanded) <br><br> 1. Legal Professional Negligence <br> 2. Breach of Contract |

Plaintiffs SUNBELT RENTALS, INC.; COLT RENTALS, LLC; and COLT-SUNBELT RENTALS, JV, LLC, complaining of Defendants, MORRIS, MANNING & MARTIN, LLP, and C. Kelly Kroll, Esq., would respectfully allege facts and state claims upon which relief may be granted as follows:

## SUMMARY OF THE CASE

1.   This is a legal malpractice action arising out of Morris Manning and Ms. Kroll's representation of Plaintiffs related to submitting a bid for Colt-Sunbelt to perform work at Fort Johnson (formerly known as Fort Polk) under a joint venture with an SBA Mentor-Protégée relationship between Sunbelt and Colt Rentals. Due to the Defendants' malpractice, Colt-Sunbelt ultimately was not awarded the bid, thereby resulting in substantial financial harm to the Plaintiffs.

## PARTIES

2.   Defendant MORRIS, MANNING & MARTIN, LLP ("Morris Manning") is, upon information and belief, a limited liability partnership duly organized and existing under the laws

of the State of Georgia with its principal place of business in Fulton County, Georgia.

3. Defendant C. Kelly Kroll, Esq. ("Ms. Kroll") is, upon information and belief, is a citizen and resident of the State of Virginia and is a lawyer licensed to practice law in Virginia and the District of Columbia.

4. Plaintiff SUNBELT RENTALS, INC. ("Sunbelt Rentals") is a corporation formed under the laws of the State of North Carolina, domiciled and authorized to do business in the State of South Carolina, with its principal place of business located in York County, South Carolina.

5. Plaintiff COLT RENTALS, LLC ("Colt Rentals") is a Limited Liability Company formed under the laws of the State of Arkansas, with its principal place of business located in Shelby County, Tennessee.

6. Plaintiff COLT-SUNBELT RENTALS, JV, LLC ("Colt-Sunbelt") is a Limited Liability Company formed under the laws of the State of Delaware with its principal place of business located in York County, South Carolina.

## JURISDICTION

7. This Court has jurisdiction over the subject matter of this action according to 28 U.S.C. § 1332(a)(1) because the Plaintiffs seek to recover a sum or value over $75,000, exclusive of interest and costs.

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(c)(1) in that all the Plaintiffs are citizens of States different than Morris Manning, whose principal place of business is in Georgia and Ms. Kroll, whose domicile is in Virginia. Sunbelt Rentals' principal place of business is in York County, South Carolina. Colt Rentals' principal place of business is in Shelby County, Tennessee. Colt-Sunbelt's principal place of business is in York County, South Carolina.

9. Based upon the acts, actions, events, and occurrences set forth herein, this Court has personal jurisdiction over Morris Manning and Ms. Kroll based on their commission of tortious acts and contract breaches having an effect in South Carolina against Plaintiffs' interests as further set forth herein.

**VENUE**

10. Venue in the Rock Hill division is proper according to 28 U.S.C. § 1391(b)(3) because each of the Defendants is subject to this Court's personal jurisdiction regarding this action.

**FACTS**

11. Morris Manning is a law firm that maintains offices in Georgia, North Carolina, and Washington, D.C.

12. Ms. Kroll is a lawyer licensed to practice law in the District of Columbia and Virginia. At all times relevant to this litigation, she was a partner with Morris Manning.

13. Ms. Kroll and Morris Manning represent themselves as having expertise in assisting clients in the government procurement process, among other things.

14. Plaintiffs retained Defendants to provide various legal services related to, *inter alia*, Plaintiffs' efforts to secure government contracts.

15. Defendants did not obtain from Plaintiffs an enforceable agreement to arbitrate any dispute over Defendants' professional liability to Plaintiffs.

16. At the time the Defendants were retained, Colt Rentals had limited experience retaining lawyers to handle legal matters, had no experience with arbitrations, and no experience retaining lawyers under engagement terms requiring arbitration over disputes related to the lawyer's representation of Colt Rentals.

17. Furthermore, Defendants did not provide Plaintiffs with any engagement documents until sometime in January 2024, after Defendants undertook the representation of Plaintiffs, after Defendants were in a fiduciary relationship with Plaintiffs, and after Defendants' acts and omissions had occurred that form the basis of this lawsuit.

18. Defendants provided Plaintiffs with their engagement letter in January 2024 without having any discussions or conversations with Colt Rentals, separately or individually, or as the manager of Colt-Sunbelt JV about the proposed terms of engagement.

19. Ms. Kroll did not obtain from Plaintiffs an agreement to arbitrate disputes over Ms. Kroll's liability for malpractice in a separate paragraph that was separately initialed by Plaintiffs as required by Rule 1.8(h) of the Georgia Rules of Professional Conduct.

20. Ms. Kroll did not fully inform Plaintiffs of the scope and effect of the purported arbitration provision in the Defendants' engagement documents as required by Rule 1.8 of the Rules of Professional Conduct for the District of Columbia.

21. Ms. Kroll did not discuss or otherwise provide Plaintiffs with sufficient information reasonably necessary to permit Plaintiffs to make informed decisions regarding the representation, including whether:

    a. The arbitration provision was a mandatory or an optional component of the terms of representation;

    b. The arbitration provision would result in a waiver of Plaintiffs' right to a jury trial;

    c. The arbitration provision would require payment of fees and costs greater than the filing fees required to initiate a lawsuit;

  d. The arbitration provision would result in a waiver of Plaintiffs' right to broad discovery; and

  e. The arbitration provision would result in a waiver of Plaintiffs' right to file an appeal of the arbitrator's decision.

22. On October 28, 2022, the U.S. Army Mission Installation & Contracting Command – Fort Johnson Contracting Office in Fort Johnson, Louisiana, issued a solicitation relating to Rotational Life Support Systems. The selected bidder would furnish all labor, materials, equipment, and services incidental to the set-up, operations, and removal of life support structures and services at Fort Johnson.

23. That solicitation was designated as a small business set-aside, with a size standard of $35 million.

24. On January 25, 2023, Colt-Sunbelt (through its counsel, Defendants) timely submitted a proposal in response to the solicitation.

25. On December 1, 2023, Colt-Sunbelt (and all other offerors) were notified that Colt-Sunbelt was the successful offeror.

26. On December 7, 2023, CRITICAL CONTINGENCY SOLUTIONS, LLC ("CCS")—another offeror—submitted a size protest of that decision, contending that Colt-Sunbelt was ineligible for the total small business set-aside award.

27. Specifically, CCS alleged that, while Colt Rentals was a small business, Sunbelt Rentals was not and that an SBA-approved Mentor-Protégé Agreement ("MPA") did not exist between those entities.

28. In reality, an MPA did exist between Sunbelt Rentals as a mentor and Colt Rentals as a mentee. It simply did not then appear on the SBA's website due to the SBA's failure to update

its records.

29. On December 14, 2023, the SBA informed Colt-Sunbelt of CCS' protest.

30. On December 22, 2023, Colt-Sunbelt (via Defendants) submitted a response thereto and submitted additional documentation, including the MPA and the November 11, 2022, Joint Venture Agreement ("JVA"). Defendants drafted the MPA and JVA.

31. Related to the management of the joint venture, the JVA stated that:

> For any Contract awarded to the Joint Venture, an employee of [Colt Rentals] will be the responsible manager responsible for the ultimate performance of the Contract (the "Responsible Manager") by the Joint Venture. For each Contract awarded to the Joint Venture, [Sunbelt] will designate an employee as its authorized representative for performance of the Contract (the "Assistant Manager"). The managing venturer is responsible for controlling the day-to-day management and administration of the contractual performance of the Joint Venture.

32. The JVA went on to state that, prior to submitting a proposal, Colt Rentals and Sunbelt would enter into an addendum to the JVA for each such procurement, describing their respective responsibilities. If Colt-Sunbelt were awarded a contract, the addendum would then become incorporated into the JVA.

33. The JVA that Defendants submitted to the SBA in response to CCS' protest contained an unsigned sample addendum related to the Fort Johnson bid. The addendum contained headings for "Itemization of Equipment" and "Responsibilities of the Parties and Division of Work," but did not include any substantive information.

34. In response to a request from the SBA, Defendants then submitted a revised Addendum (the "Revised Addendum") and informed the SBA that the original addendum was a placeholder.

35. The Revised Addendum was both unsigned and undated. It further stated that Colt Rentals would provide the "Project Manager" and Sunbelt would provide the "Site Manager," but

neither of those specific individuals were identified by name.

36. On January 4, 2024, the SBA issued its Size Determination, finding that Colt-Sunbelt was not a small business for purposes of the subject procurement. Specifically, the SBA determined that Colt-Sunbelt failed to comply with 13 C.F.R. § 125.8(b)(2)(ii), which required the JVA to identify the specific person serving as the Responsible Manager.

37. Specifically, 13 C.F.R. § 125.8(b)(2)(ii) requires that every JVA contain a provision:

> Designating a small business as the managing venturer of the joint venture, and designating a named employee of the small business managing venturer as the manager with ultimate responsibility for performance of the contract (the "Responsible Manager").

38. While the JVA stated that a Colt employee would serve as the Responsible Manager, the JVA did not name that employee.

39. On January 19, 2024, Colt-Sunbelt (via Defendants) submitted an Appeal Petition to the SBA's Size Determination with the Office of Hearings and Appeals ("OHA").

40. On April 16, 2024, the OHA issued its Decision, denying Colt-Sunbelt's appeal. Therein, the OHA found that the Revised Addendum was not a valid addendum under the JVA because it was unsigned and not prepared prior to Colt-Sunbelt's proposal submission. The OHA also determined that, even if the Revised Addendum could be properly considered, it was nevertheless deficient because it failed to name the specific Colt Rentals employee as the Responsible Manager with ultimate responsibility for the contract's performance, as required by 13 C.F.R. § 125.8(b)(2)(ii).

41. As stated above, the Defendants drafted the JVA. They also advised the Plaintiffs regarding what information was required to be included and represented that they would ensure that it satisfied all pertinent requirements.

42. Defendants were also obligated to ensure the JVA was properly drafted to assist Colt-Sunbelt in obtaining the size exemption under 13 C.F.R. § 121.103(h)(1)(ii) related to the Fort Johnson Procurement.

43. Defendants have since acknowledged that 13 C.F.R. § 125.8(b)(2)(i)'s requirements were changed on November 16, 2020, and that such a change required the Responsive Manager to be identified by name.

44. Because Defendants failed to maintain current and accurate knowledge of the regulation changes and failed to check such requirements when drafting the JVA and advising Plaintiffs related to the Fort Johnson bid, the JVA did not comply with the pertinent regulations.

45. Defendants' acts and omissions directly resulted in Colt-Sunbelt losing the previously-awarded Fort Johnson Procurement, for which Plaintiffs have and will continue to suffer substantial damages.

46. The Defendants failed to meet the minimum standard of care and breached their professional and contractual duties owed to the Plaintiffs, thereby causing them financial losses exceeding $75,000.

47. Had the Defendants satisfied the minimum standard of care in their representation, including satisfying the regulatory requirements in 13 C.F.R. § 125.8(b)(2)(ii) by "*designating a named employee of the small business managing venturer as the manager*" in the JVA the Defendants submitted, CCS's challenge should not have been successful, the Plaintiffs should have maintained the bid award, and the Plaintiffs should have recovered the net profits associated with the government contract relating to Rotational Life Support Systems for the Fort Johnson facility in Louisiana.

48. As a direct and proximate of the Defendants' breach of their professional duties,

the Plaintiffs sustained substantial financial damages in excess of $75,000.

49. At all times relevant, Ms. Kroll was a Member, employee, and agent of Morris Manning, and her conduct, as described herein, was performed during the course and scope of her employment and agency with Morris Manning.

50. The negligent acts, omissions, and liability of Morris Manning include the acts and/or omissions of their agents, principals, employees, and servants, including but not limited to those by Ms. Kroll, both directly and vicariously, under principles and doctrines of nondelegable duty, corporate liability, apparent authority, agency, ostensible agency and/or *respondeat superior*.

51. Upon information and belief, at all times relevant hereto, Morris Manning acted by and through its employees and agents, including but not limited to Ms. Kroll, who acted within the course and scope of her employment and/or agency with all implied, inherent, apparent and express authority to so bind her master and principal by her negligent, willful, wanton and reckless actions and/or omissions making it vicariously liable for same under the principles and doctrines of nondelegable duty, corporate liability, apparent authority, agency, ostensible agency and/or respondeat superior.

**FOR A FIRST CAUSE OF ACTION**
**(Legal Professional Negligence)**

52. The foregoing factual and jurisdictional allegations are reiterated and realleged as though set forth verbatim.

53. A client-lawyer relationship existed between Ms. Kroll and the Plaintiffs at all relevant times.

54. Defendants represented, at least as it relates to assisting clients in the government procurement process and other pertinent services, that they possessed the requisite learning, skill, and ability necessary to perform those services and which other similarly situated lawyers possess,

and that they would exercise reasonable care and diligence in using their knowledge and skill in representing Plaintiffs.

55.  The scope of Ms. Kroll's representation of the Plaintiffs included providing legal services, counsel, and advice regarding the government procurement process involved in securing government contracts, including the solicitation for a government contract concerning the Rotational Life Support Systems for the Fort Johnson facility in Louisiana.

56.  Ms. Kroll owed professional duties to the Plaintiffs to competently provide legal services and advice, including providing the requisite learning, skill, and ability necessary to perform those services as would be provided by other similarly situated lawyers and exercising reasonable care and diligence in using her knowledge and skill in representing Plaintiffs.

57.  Ms. Kroll breached her professional duties to the Plaintiffs and otherwise acted in a negligent, grossly negligent, and willful and wanton manner in various ways, including:

   a.  Failing to properly advise Plaintiffs related to the JVA;

   b.  Failing to maintain current and accurate information about the statutory requirements related to JVAs in the pertinent context;

   c.  Failing to consult with the relevant statutory requirements when drafting the JVA and prosecuting the Fort Johnson bid; and

   d.  Failing to comply with 13 C.F.R. § 125.8(b)(2)(ii).

58.  Ms. Kroll failed to meet the minimum standard of care thereby breaching professional duties to the Plaintiffs in other ways and by other such particulars as the evidence developed during discovery in this case may demonstrate.

59.  As a direct and proximate result of Ms. Kroll's breach of her professional duties, the Plaintiffs suffered substantial actual damages, loss of prejudgment interest, and other actual,

consequential, and incidental damages in an amount to be determined by the jury at the trial of this case. Indeed, solely due to Ms. Kroll's negligence, Colt-Sunbelt lost the previously-awarded Fort Johnson bid.

60. WHEREFORE, Plaintiffs pray for judgment on this cause of action against Defendants, jointly and severally, for actual, consequential, and incidental damages suffered, pre-judgment interest, and such other relief as the Court may deem reasonable and proper.

**FOR A SECOND CAUSE OF ACTION**
**(Breach of Contract)**

61. The foregoing factual and jurisdictional allegations are reiterated and realleged as though set forth verbatim.

62. Morris Manning entered into a contract with the Plaintiffs, by which Morris Manning agreed and contracted to provide competent and prudent legal services, counsel, concerning the government procurement process relating to securing a government contract for Rotational Life Support Systems for the Fort Johnson facility in Louisiana.

63. The Plaintiffs fulfilled all necessary preconditions, if any, of the contract.

64. By virtue of the contract, Morris Manning owed contractual duties to the Plaintiffs, including providing competent and prudent legal services, counsel, and advice concerning the government procurement process relating to securing a government contract for Rotational Life Support Systems for the Fort Johnson facility in Louisiana.

65. Morris Manning failed to provide competent legal services, thereby breaching their contractual duties to the Plaintiffs.

66. As a direct and proximate result of Morris Manning's breach of their contractual duties, Plaintiffs sustained actual damages, are entitled to pre-judgment interest, and incidental damages, all in an amount to be more specifically proven at trial.

67. Plaintiffs pray for judgment on this cause of action against Morris Manning for actual, consequential, and incidental damages suffered, pre-judgment interest, and such other relief as the Court may deem reasonable and proper.

## TRIAL BY JURY

68. Plaintiffs request and demand a jury trial on all claims and issues so triable.

## EXPERT AFFIDAVIT

69. Pursuant to S.C. CODE ANN. § 15-36-100(B), filed with this Complaint and incorporated herein by reference as **Exhibit 1**, is the affidavit of Karri L. Palmetier, Esq., a lawyer who regularly handles matters involving the government procurement process and securing government contracts, which specifies at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, SUNBELT RENTALS, INC.; COLT RENTALS, LLC; and COLT-SUNBELT RENTALS, JV, LLC, pray for judgment against Defendants, MORRIS, MANNING & MARTIN, LLP, and C. Kelly Kroll, Esq., jointly and severally, for the following relief:

1. An award for Plaintiffs against Ms. Kroll based on her legal professional negligence/malpractice in an amount to be determined at trial, plus interest;

2. An award for Plaintiffs against Morris Manning based on its breach of contract in an amount to be determined at trial, plus interest;

3. Award Plaintiffs their reasonable attorneys' fees to the fullest extent allowed by law;

4. Tax the costs of this action against Defendants; and

5. For all other relief, both legal and equitable, which this Honorable Court deems just and proper.

Respectfully submitted,

*/s/ Thomas A. Pendarvis*
Thomas A. Pendarvis (Fed. Id. 5785)
PENDARVIS LAW OFFICES, P.C.
710 Boundary Street, Suite 1-A
Beaufort, SC 29902
843.524.9500
Thomas@PendarvisLaw.com

Counsel for Plaintiffs, SUNBELT RENTALS, INC.; COLT RENTALS, LLC; and COLT-SUNBELT RENTALS, JV, LLC

Beaufort, South Carolina

April 2, 2025